# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1460V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| JEFFERY SMITH, | |
|  Petitioner, | Special Master Katherine E. Oler |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: July 8, 2024 |
|  Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Renée Ja Gentry*, The Law Office of Renée J. Gentry, Washington, DC, for Petitioner
*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION DISMISSING PETITION[1]

**I.      Procedural History**

On September 24, 2018, Jeffery Smith ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging he suffered Guillain-Barré syndrome ("GBS") from the flu vaccine he received on October 3, 2016. Pet. at 1, ECF No. 1.

Petitioner was in settlement discussions, which broke down around July 2022. ECF No. 82. On August 2, 2022, Respondent filed a Rule 4(c) Report stating that entitlement should be denied. Resp't's Rep. at 1, ECF No. 84. More specifically, Respondent stated that Petitioner failed to rule out other possible causes in order to establish his *prima facie* case. *Id.* at 16.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Respondent's Rule 4(c) Report, Petitioner filed an expert report from Dr. Carlo Tornatore on December 19, 2022. Ex. 51. On April 18, 2023, Respondent then filed an expert report from Dr. Mark Bromberg. Ex. A. On August 21, 2023, Petitioner filed a responsive expert report from Dr. Tornatore. Ex. 64. Respondent in turn filed a responsive expert report from Dr. Bromberg on November 13, 2023. Ex. C.

I held a Rule 5 Conference on December 19, 2023, where I informed the parties that I believed it was more likely than not that Petitioner had a viral infection, and not dysautonomia. ECF No. 103 at 1. Afterwards, I ordered Petitioner to file a status report indicating how he would like to proceed, and he filed a status report requesting a Ruling on the Record. ECF No. 104.

On April 10, 2024, Petitioner filed the instant motion requesting that his petition be dismissed. He stated:

> The Special Master's findings in the Rule 5 status conference and Order (ECF No. 103) have demonstrated to the Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program. The Petitioner understands that a decision by the Special Master dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program.

ECF No. 106 at 1.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing his petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.** [3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.