# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1460V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| JEFFERY SMITH, | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: July 21, 2025 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Renée J. Gentry,* The Law Office of Renée J. Gentry, Washington, DC, for Petitioner.
*Zoë Wade,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 24, 2018, Jeffery Smith ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") from the influenza ("flu") vaccine he received on October 3, 2016. *Id.* On July 8, 2024, after a Rule 5 Conference and Petitioner's Motion for Ruling on the Record, in which he stated that "to proceed would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program," former Special Master Katherine E. Oler issued a decision granting Petitioner's motion to dismiss. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-1460V, 2024 WL 3913711 at *1. (Fed. Cl. Spec. Mstr. July 8, 2024).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

This case was reassigned to me on August 13, 2024. ECF No. 108. On October 8, 2024, Petitioner filed an application for final attorneys' fees and costs. ECF No. 112 ("Fees App."). Petitioner requests a total of $134,937.94 in attorneys' fees and costs, consisting of $80,425.10 in attorneys' fees and $54,512.84 in attorneys' costs.[3] Fees App. at 1. Petitioner states that he incurred $401.18 in personal costs related to prosecution of this petition. *Id.* Respondent responded to the motion on October 11, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 113 ("Fees Resp.") at 2-3. Petitioner did not file a reply; however, on July 15, 2025, Petitioner filed additional supporting invoices. ECF No. 114 ("Fees App. Supp.").

This matter is now ripe for consideration.

## I. Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I find that the claim possessed good faith and a reasonable basis while it was pending. I note that Respondent's response did not indicate that this claim lacked good faith or a reasonable basis. Fees Resp. at 2-3. Accordingly, I conclude that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

### A. Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate

---

[3] The first page of Petitioner's motion states that Petitioner requests a total of $131,102.13 for attorneys' fees and costs, consisting of $80,425.10 in attorneys' fees and $50,677.03 in attorneys' costs. Fees App. at 1. However, it appears that there is a $3,835.81 discrepancy between the amount of costs stated on the first page of the motion and what Petitioner actually billed. This discrepancy is further discussed in the "Attorneys' Costs" section of this decision.

evidence to prove that the requested hourly rate is reasonable.  *Id.*

Petitioner requests the following rates of compensation for his counsel: for Ms. Renée J. Gentry, $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, $489.00 per hour for work performed in 2021, $504.00 per hour for work performed in 2022, $531.00 per hour for work performed in 2023, and $561.00 per hour for work performed in 2024; and for Mr. Clifford J. Shoemaker, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019.  Fees App. at 8-44.  Petitioner also seeks $150.00 per hour for paralegal services provided by Ms. Sabrina S. Knickelbein for work performed in 2018 and 2019.  *Id.* at 8-22.

Ms. Gentry and her colleagues have previously been awarded the requested rates by other special masters.  *See, e.g., Singleton v. Sec'y of Health & Hum. Servs.*, No. 17-1474V, 2024 WL 5087743, at *2 (Fed. Cl. Spec. Mstr. Nov. 12, 2024); *Saville v. Sec'y of Health & Hum. Servs.*, No. 21-794V, 2024 WL 3967034, at *2 (Fed. Cl. Spec. Mstr. July 31, 2024).  Accordingly, I find the requested rates are reasonable and will award them herein.

   **B.  Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation."  *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program.  *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *see also Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *see also Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).  Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed.  *Saxton*, 3 F.3d at 1521.  It is within a special master's discretion to make a global reduction to the total amount of fees requested.  *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of*

*Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011*), mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While Petitioner is entitled to an award of attorneys' fees and costs, I find that a reduction in the number of hours billed in 2018 and 2019 is appropriate. For the reasons explained below, I reduce the fees billed by Petitioner during that timeframe ($36,311.75) by 10%, resulting in a reduction of **$3,631.18**.

1. Excessive Interoffice Communication

The issue of excessive interoffice communication and the lack of detail regarding that communication has arisen many times in cases involving Petitioner's counsel, specifically Mr. Shoemaker. *See, e.g., J.D. v. Sec'y of Health & Hum. Servs.*, No. 14-742V, 2024 WL 4043674, at *3 (Fed. Cl. Spec. Mstr. May 21, 2024); *Maciel v. Sec'y of Health & Hum. Servs.*, No. 15-362V, 2019 WL 6249369, at *3 (Fed. Cl. Spec. Mstr. Oct. 17, 2019). Having reviewed the billing entries in this case, I find that entries billing a total of 8.1 hours for Mr. Shoemaker and 1.1 hours for Ms. Knickelbein contain excessive interoffice communication. Examples include (but are not limited to):

- February 7, 2018: 0.20 hours billed at $450.00 by Mr. Shoemaker for "Emails from and to Gretchen about records requests." Fees App. at 8.

- April 24, 2019: 0.10 hours billed at $460.00 by Mr. Shoemaker for "Email to Sabrina about Friday's deadline." Fees App. at 13.

- May 30, 2019: 0.10 hours billed at $150.00 by Ms. Knickelbein for "E-mails to and from Cliff regarding updated records and Affidavits." Fees App. at 19.

While these entries contain varying degrees of information, they do not contain sufficient detail to allow me to determine the reasonableness of the communications at issue. As it has in the past, this leads to a reduction in Petitioner's fee award.

2. Clerical/Administrative Work

There were also multiple entries in the submitted billing records, totaling 0.4 hours for Mr. Shoemaker and 5.7 hours for Ms. Knickelbein, for clerical or administrative tasks. Examples include (but are not limited to):

- May 10, 2018: 0.10 hours billed at $450.00 by Mr. Shoemaker for "Review and approve prepays." Fees App. at 9.

- October 5, 2018: 0.80 hours billed at $150.00 by Ms. Knickelbein for "Filed Exhibits 1-9; Drafted Table of Contents; Drafted and electronically filed a Notice of Filing Documents." Fees App. at 17.

4

- March 12, 2019: 0.40 hours billed at $150.00 by Ms. Knickelbein for "Refiled Exhibit 5; Drafted and electronically filed a Notice of Filing Documents." Fees App. at 18.

These clerical and administrative tasks are not compensable and warrant a reduction in attorneys' fees.

3. Duplicative Billing

Finally, several of Ms. Knickelbein's entries bill for duplicative review of CM/ECF filings (e.g., scheduling orders and Respondent's status reports), which Mr. Shoemaker already billed to review. *See, e.g.,* Fees App. at 16-20. This duplicative billing results in a further reduction.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$76,793.92**.

**C. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

In his motion, Petitioner requests a total of $50,677.03 in attorneys' costs. Fees App. at 1. Petitioner included two sets of invoices for the attorneys' fees and costs requested in this case. The first invoice for attorney's fees and costs includes work performed in 2018 and 2019 and bills for $36,311.75 in attorneys' fees and $6,127.12 in attorneys' costs. *Id.* at 8-22. The second invoice for attorney's fees and costs includes work performed from 2020 through 2024 and bills for $44,113.35 in attorneys' fees and $50,677.03 in attorneys' costs. *Id.* at 23-46. It appears that Petitioner attempted to include all of the costs from the first invoice with the costs in the second invoice, so that the second invoice contained a comprehensive list of all of the costs incurred in this case. However, eight of the nineteen expenses listed on the first invoice were not listed on the second invoice. Thus, the total costs delineated in the invoices exceed what is requested in the motion. The omitted entries are as follows:

- 5/04/2018 - Medical Records - Alliance Health Seminole - STAT Informatic Solutions SEMCDC3453152 - $101.15.

- 5/16/2019 - Medical Records - St Anthony Shawnee Hospital & Physicians - CiOX Health 0274458102 - $43.15.

- 5/16/2019 - Medical Records - Medical Records - Chad Willis DO ENT St Anthony Shawnee - CiOX 0274457260 - $21.60.

- 5/29/2019 - Medical Records - Updates for Alliance Health Seminole - STAT Informatic Solutions #SEMC1129328 - $322.26.

- 5/29/2019 - Medical Records - Medical Records - KabaFusion MRR43 - $150.00.

5

- 6/11/2019 - Medical Records - Medical Records - Updates Oklahoma Saints Neurology - CiOX Health 0276650218 - $19.50.

- 6/21/2019 - Medical Records - Updates Wewoka Healthcare Center - $407.95.

- 12/05/2019 - Photocopies. - $2,920.20.

These omitted entries total $3,835.81. Because these expenses are listed on the first invoice and Petitioner provided receipts to support these expenses (where applicable), I will include these expenses in Petitioner's request for attorneys' costs, even though they were not articulated in Petitioner's motion. Accordingly, I determine that Petitioner has requested a total of $54,512.84 in attorneys' costs.

The requested costs are associated with acquiring medical records, photocopies, life care planner fees,[4] and expert fees. Fees App. at 21, 45-46. Petitioner first requests reimbursement for life care planning services provided by The Coordinating Center at an hourly rate of $175.00, totaling $27,685.00. Fees App. Supp. This rate is consistent with what I have previously awarded life care planners at The Coordinating Center, and I find it reasonable herein. *See Gregory v. Sec'y of Health & Hum. Servs.*, No. 21-1857V, 2025 WL 1588104, at *5-6 (Fed. Cl. Spec. Mstr. Apr. 23, 2025).

Petitioner also requests reimbursement for expert services provided by Carlo Tornatore, M.D. at $450.00 per hour for 30 hours in 2022, and $500.00 per hour for 14.5 hours in 2023, totaling $20,750.00. Fees App. at 83-84. These rates are consistent with what Dr. Tornatore has been previously awarded, and I find them reasonable herein. *See Guy v. Sec'y of Health & Hum. Servs.*, No. 20-684V, 2024 WL 4792867, at *2 (Fed. Cl. Spec. Mstr. Oct. 15, 2024); *Ferrari v. Sec'y of Health & Hum. Servs.*, No. 19-93V, 2024 WL 4503644, at *3 (Fed. Cl. Spec. Mstr. Aug. 22, 2024). Petitioner has provided adequate documentation supporting the remainder of the requested costs, and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and shall fully reimburse them.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$54,512.84**.

### D. Petitioner's Personal Costs

Petitioner further requests reimbursement of $401.18 in personally incurred fees comprised of the court's filing fee and postage. Fees App. at 2-5. After reviewing the billing records submitted in support of this request, I find the amount requested reasonable and will award it in full.

---

[4] The parties initially engaged in settlement negotiations in this case. ECF No. 38. During negotiations, Petitioner advised the Court of his intent to engage a life care planner due to his "extensive medical involvement." ECF Nos. 42, 45-46. The parties were unable to settle the case, and, as discussed, it was eventually dismissed after expert reports on entitlement were filed. ECF Nos. 82, 107.

6

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $80,425.10 |
| (Reduction to Fees) | ($3,631.18) |
| **Total Attorneys' Fees Awarded** | **$76,793.92** |
| | |
| Attorneys' Costs Requested | $54,512.84 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$54,512.84** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$131,306.76** |
| | |
| Petitioner's Costs Requested | $401.18 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$401.18** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $131,306.76 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2) **a lump sum of $401.18 for Petitioner's personal costs to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).